UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | 3:12-CR-084-O |
| | § | |
| AARON WALLACE, | § | ECF |
| Defendant. | § | |

## ELEMENTS AND PUNISHMENT OF THE OFFENSE AND FACTUAL RESUME

In support of the Defendant's plea of guilty to Count One of the one-count Indictment[1] charging a violation of 18 U.S.C. § 922(g)(1), **AARON WALLACE**, and his attorney, Assistant Federal Public Defender Douglas A. Morris, stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

The elements of a violation of § 922(g)(1) are as follows:

1. Mr. Wallace knowingly possessed a firearm. The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosion;

2. Before Mr. Wallace possessed the firearm, a court of law convicted him of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense; and

3. The possession of the firearm was in or affected interstate commerce; that is, at some time before Mr. Wallace possessed the firearm, it had traveled from one State or Country to another.

---

[1] There is one substantive Count and one forfeiture notice. Mr. Wallace agrees to forfeit, to the government, his interests in the property noted in the Indictment. Mr. Wallace also does not oppose the Government's future filing/submission of a Motion and a Proposed Order to this District Court seeking the forfeiture of the aforementioned property. Mr. Wallace further agrees that the Government may cite to this footnote to support its Certificate of Conference in the aforementioned future Forfeiture Motion.

## PUNISHMENT FOR THE OFFENSE

Sentence: The maximum penalties a sentencing court can impose include the following:

1. imprisonment for a period not to exceed ten years;

2. a fine not to exceed two-hundred-fifty-thousand dollars, or twice any pecuniary gain to Mr. Wallace or loss to the victim(s);

3. the sentencing court may impose a term of supervised release not to exceed three years; if Mr. Wallace violates the conditions of supervised release, he could be imprisoned for up to a total of three years, but for no more than two years at one time;

4. a mandatory special assessment of one-hundred dollars;

5. restitution to victims or to the community; and

6. costs of incarceration and supervision.

## SENTENCING IN THIS CASE

Mr. Wallace has discussed the Federal Sentencing Guidelines with his attorney and understands that the sentence in this case will be imposed by the district court after it has considered the applicable statutes, the Sentencing Guidelines, and the factors included in § 3553(a). However, neither the Guidelines nor § 3553(a) are binding and the district court, in its discretion, may sentence Mr. Wallace to the statutory maximum penalties, if that "sentence [is] sufficient, but not greater than necessary, to comply with the purposes set for in . . . [§ 3553](a)(2)[.]" Mr. Wallace understands that, if the district court imposes a sentence greater than he expects, he will not be able to withdraw his plea of "guilty" based solely upon that higher sentence as long as the sentence is within the statutory maximum punishment. Congress has abolished parole so if the district court sentences Mr. Wallace to a term of imprisonment, he understands that he will not be released on parole.

Mr. Wallace further understands that a conviction for the offense of "Felon-in-Possession-of-a-Firearm" is a felony and such a felony conviction will deprive him of important constitutional and civil rights, which include, *inter alia*, the right to vote, the right to hold public office, the right to sit on a jury, and the right to actually or constructively possess a firearm.[2]

## CONSTITUTIONAL RIGHTS AND WAIVER OF THOSE RIGHTS

1. Mr. Wallace understands that he has the following constitutional rights:

   a. the right to plead not guilty to the charged offense;

   b. the right to have a speedy trial by a jury in this District;

   c. the right to have his guilt proven beyond a reasonable doubt;

   d. the right to confront and cross-examine witnesses and to call and subpoena witnesses and material in his defense; and

   e. the right to not be compelled to incriminate himself.

2. The waiver of these rights.

Mr. Wallace waives the aforementioned rights and pleads guilty to the offense alleged in Count One of the one-count Indictment charging him with violating § 922(g)(1). Mr. Wallace understands the nature and the elements of the offense for which he is pleading guilty and agrees that the following stipulated facts are true and will be submitted as evidence.

---

[2] Mr. Wallace is a citizen of the United States of America and this conviction will not impact his citizenship status.

## STIPULATED FACTS

Mr. Wallace admits that on or about December 7, 2011, in the Dallas Division of the Northern District of Texas, after having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, he knowingly and unlawfully possessed a firearm, specifically, he possessed a Bersa, Model Thunder 380, .380 caliber pistol, bearing serial number 943148, which had previously been shipped and transported in interstate and foreign commerce –Mr. Wallace possessed the aforementioned firearm after he had been convicted of a felony and the aforementioned firearm was manufactured outside of the State of Texas and it traveled to Texas. The aforementioned conduct violates 18 U.S.C. § 922(g)(1).

## VOLUNTARINESS OF THE PLEA OF GUILTY

Mr. Wallace has thoroughly reviewed his constitutional rights, the facts of his case, the elements of the offense of conviction, the statutory penalties, and the Sentencing Guidelines and § 3553(a) with his attorney. Mr. Wallace has received satisfactory explanations regarding every aspect of this document and the alternatives to signing this document, and he is satisfied with his attorney's representation of him in this case. Mr. Wallace concedes that he is guilty of Count One of the one-count Indictment, and he concludes that it is in his best interests to plead guilty instead of going to trial.

Mr. Wallace understands that, because he is not signing government-supplied plea papers at this time, the government may not move for a reduction of one-offense level pursuant to United States Sentencing Commission, <u>Guidelines Manual</u>, § 3E1.1(b) (Nov. 2011). Mr. Wallace also understands that, if he later decides to timely waive his right to appeal, (which is the primary reason why the government will not make the aforementioned Motion), the government may file a Motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the district court reduce the gross offense-level by one offense-level.

**AGREE TO AND SIGNED** this April ___, 2012.

_____  
**AARON WALLACE**  
Defendant

_____  
**DOUGLAS A. MORRIS**  
Assistant Federal Public Defender  
Attorney for Mr. Aaron Wallace

5